**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| **MALCOLM MARKS** | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| **WASHINGTON WHOLESALE LIQUOR** | * | |
| **COMPANY LLC** | * | **Case No.:  15-CV-1714 (JEB)** |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION TO SHOW CAUSE FOR THE COURT'S IMPOSITION OF RULE 11 SANCTIONS RELATED TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATIONS OF JASON SAVAGE AND NAKISHA DAY (DKT. #41)

Plaintiff Malcolm Marks, by and through his attorneys, George A. Rose, Esq., John J. Leppler, Esq., and Rose Law Firm, LLC, hereby submits Plaintiff's motion to show cause for the Court's imposition of Rule 11 sanctions related to Plaintiff's motion to strike the declarations of Jason Savage and Nakisha Day (Dkt. #41). Plaintiff requests for the Court to set a hearing regarding Plaintiff's motion to show cause for the Court's imposition of Rule 11 sanctions, and after the hearing, order that there are no sanctions imposed on Plaintiff, or in the alternative, the imposed sanctions are substantially limited on Plaintiff. An accompany memorandum is attached in support of Plaintiff's position.

Respectfully,

/s/ *John Leppler*

_____
John J. Leppler, Esq. #19736
George A. Rose, Esq. #26086
Rose Law Firm, LLC
200 E. Lexington St., Suite 1305
Baltimore, Maryland 21202
T: 410-727-7555
F: 410-320-0962
attorneyleppler@roselawfirm.net
grose@roselawfirm.net
Attorneys for Plaintiff Malcolm Marks

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **MALCOLM MARKS** | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| **WASHINGTON WHOLESALE LIQUOR** | * | |
| **COMPANY LLC** | * | **Case No.:  15-CV-1714 (JEB)** |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SHOW CAUSE FOR
THE COURT'S IMPOSITION OF RULE 11 SANCTIONS RELATED TO PLAINTIFF'S
MOTION TO STRIKE THE DECLARATIONS OF JASON SAVAGE AND NAKISHA
DAY (DKT. #41)**</u>

**TABLE OF CONTENTS: MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SHOW CAUSE FOR THE COURT'S IMPOSITION OF RULE 11 SANCTIONS RELATED TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATIONS OF JASON SAVAGE AND NAKISHA DAY (DKT. #41)**

I.      Introduction……………………………………………………………5

II.     Argument…………………………………………………………………...6

        A.      Mr. Leppler's filing of Plaintiff's motion to strike
                the declarations of Jason Savage and Nakisha Day does
                 not violate Fed. R. Civ. P. 11…………………………………………7

        B.      Even if the court determines that sanctions are appropriate,
                the court should limit the sanctions imposed on Plaintiff……………10

III.    Conclusion…………………………………………………………………….10

**TABLE OF AUTHORITIES: MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO SHOW CAUSE FOR THE COURT'S IMPOSITION OF RULE 11
SANCTIONS RELATED TO PLAINTIFF'S MOTION TO STRIKE THE
DECLARATIONS OF JASON SAVAGE AND NAKISHA DAY (DKT. #41)**

Fed R. Civ. P. 11.

Becker v. Lederer, No. 15-cv-0044 (D.D.C. Apr. 13, 2016.

Hinch v. Lucy Webb Hayes Nat. Training Sch. For Deaconesses & Missionaries Conducting
Sibley Mem'l Hosp., 814 A.2d 926 (D.C. 2003)

In re Sargent, 136 F.3d 349, 352 (4th Cir. 1998).

Pyramid Securities, Ltd. v. IB Resolution, Inc., 924 F.2d 1114 (D.C. Cir.1991).

Vollmer v. Publishers Clearing House, 248 F.3d 698, 710-11 (7th Cir. 2001).

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| **MALCOLM MARKS** | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| **WASHINGTON WHOLESALE LIQUOR** | * | |
| **COMPANY LLC** | * | **Case No.:  15-CV-1714 (JEB)** |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SHOW CAUSE FOR
THE COURT'S IMPOSITION OF RULE 11 SANCTIONS RELATED TO PLAINTIFF'S
MOTION TO STRIKE THE DECLARATIONS OF JASON SAVAGE AND NAKISHA
DAY (DKT. #41)**</u>

Plaintiff, Malcolm Marks, by and through his attorneys, George A. Rose, Esq., John J.

Leppler, Esq., and Rose Law Firm, LLC, hereby submits Plaintiff's motion to show cause why the

Court should not impose Rule 11 sanctions related to Plaintiff's motion to strike the declarations

of Jason Savage and Nakisha Day (Dkt. #41), and in support thereof states:

## I.      Introduction

This case involves an employment discrimination action where Plaintiff Malcolm Marks

(hereinafter "Plaintiff") brought two claims against Defendant Washington Wholesale Liquor

Company, LLC (hereinafter "Defendant"); (1) a 'failure to accommodate' claim in violation of the

Americans with Disabilities Act (ADA); (2) a retaliation claim related to Plaintiff's disability.

On May 12, 2016, oral arguments were held before this Court regarding the parties'

dispositive motions and Plaintiff's motion to strike the declarations of Mr. Savage and Ms. Day.

Pertinent hereto, the Court questioned Plaintiff's counsel, John J. Leppler, Esq. (hereinafter "Mr.

Leppler") about; (1) the reason Mr. Leppler filed the motion to strike; (2) the reason Mr. Leppler sought attorney's fees therein. Mr. Leppler indicated that his 'personal knowledge' argument supporting Plaintiff's motion to strike (Dkt. #36) 'was a mistake' and Plaintiff conceded in Plaintiff's reply motion that Mr. Savage's and Ms. Day's declarations were based on personal knowledge. However, Mr. Leppler continued to argue that even if the declarations were based on personal knowledge, the declarations contradict Mr. Savage's and Ms. Day's prior deposition testimony. Thus, the portions of Mr. Savage's and Ms. Day's declarations that contradict their prior deposition testimony should be stricken. *See* Becker v. Lederer, No. 15-cv-0044 (D.D.C. Apr. 13, 2016) (citing Hinch v. Lucy Webb Hayes Nat. Training Sch. For Deaconesses & Missionaries Conducting Sibley Mem'l Hosp., 814 A.2d 926, 929 (D.C. 2003)); *see also* Pyramid Securities, Ltd. v. IB Resolution, Inc., 924 F.2d 1114,1123 (D.C. Cir.1991).

On May 26, 2017, the Court ordered Plaintiff's counsel to file a pleading showing cause why Rule 11 sanctions should not be imposed for Plaintiff's filing on the Motion to Strike, which the Court conclude had no factual or legal support.

## II.    Argument

A pleading, written motion, or other paper is not sanctionable unless it has been presented for an improper purpose or it includes any of the following: (1) claims, defenses, or other legal contentions not warranted by existing law or by a good-faith argument for extending, modifying, or reversing existing law or for establishing new law, (2) factual contentions that do not have, or are unlikely to have, evidentiary support after a reasonable opportunity for further investigation or discovery, or (3) denials of factual contentions unwarranted by the evidence. Fed. R. Civ. P. 11(b)(1)-(4).

A.      **Mr. Leppler's filing of Plaintiff's motion to strike the declarations of Jason Savage and Nakisha Day does not violate Fed. R. Civ. P. 11**.

Mr. Leppler's filing of Plaintiff's motion to strike the declarations of Mr. Savage and Ms. Day does not violate Fed. R. Civ. P. 11(b) because the motion to strike was presented for a proper purpose and was not filed to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1).

During the May 12, 2016 hearing, Mr. Leppler acknowledged, in Court, that he committed error and made a mistake by arguing in the motion to strike Mr. Savage's and Ms. Day's declarations were not based on personal knowledge when, clearly, they were. Mr. Leppler again acknowledges this mistake in this motion to show cause, and apologizes to the Court for his ignorance, as an attorney barred in this Court should not make such argument that is unsupported by the record evidence.

However, Mr. Leppler now attempts to show the Court that Plaintiff's motion to strike the declarations of Mr. Savage and Ms. Day were filed for a proper purpose. The proper purpose was to have the Court strike portions of Mr. Savage's and Ms. Day's declarations because the portions stated therein contradict Mr. Savage's and Ms. Day's prior deposition testimony. Mr. Leppler acknowledges that the deposition testimony stated below in this motion to show cause was not attached to Plaintiff's motion to strike. Mr. Leppler now demonstrates to the Court that there is evidentiary support to demonstrate why Mr. Leppler filed the motion to strike the declarations of Mr. Savage and Ms. Day.

*First*, Mr. Savage knew that Plaintiff had a paralyzed arm from at least October 2011, therefore, DORS' recommendation for Plaintiff's reasonable accommodation of a motorized hand truck was permanent. *See* Mr. Savage's Dep. at p. 23-28:1-21, 1-21, 1-21, 1-21, 1-21, 1-21, attached as **Exhibit 1**; *see also* Plaintiff's 10/21/2011 fax to Ms. Day that was submitted as an

Exhibit during Mr. Savage's deposition, attached as **Exhibit 2** (on page 1 of DORS' recommendation, it states, "The use of a motorized stair-climbing hand truck (so long as it weighs 50 pounds or less) is recommended to help Mr. Marks maintain his current full time employment status as a liquor deliveryman to improve his ability to safely move the delivery boxes containing breakable bottles up and down stairs which is frequently required on the job at many of his delivery stops..."). This information shows that Paragraph 7 of Mr. Savage's declaration contradicts the record evidence and Mr. Savage's deposition testimony.

*Second*, Mr. Savage knew that Plaintiff used his motorized hand truck to deliver liquor and therefore the scope of DORS' recommended reasonable accommodation for Plaintiff included Plaintiff's daily use of the motorized hand truck to perform his job as a liquor delivery helper. *See* Mr. Savage's Dep. at p. 23-28:1-21, 1-21, 1-21, 1-21, 1-21, 1-21, attached as **Exhibit 1**; *see also* Plaintiff's October 21, 2011 fax to Ms. Day that was submitted as an Exhibit during Mr. Savage's deposition, attached as **Exhibit 2** (see the passage from page one, *supra*). This information shows that Paragraph 10 of Mr. Savage's declaration contradicts Mr. Savage's deposition testimony.

*Third*, as it relates to this issue of Mr. Savage's and Ms. Day's knowledge of Plaintiff's 'OSHA complaint' against Defendant's account A N D, Mr. Leppler concedes that Mr. Savage and Ms. Day never testified that Mr. Savage and Ms. Day were aware of a formally filed OSHA complaint related to Defendant's account, A N D. Mr. Savage and Ms. Day acknowledged that Plaintiff's formally filed OSHA complaint was a result of Plaintiff's voiced safety concern related to Plaintiff's delivery of liquor to Defendant's account, Wonderland Ballroom, because Wonderland Ballroom had OSHA-related violations because of lack of stairwell handrails. Plaintiff's voiced safety concern related to Defendant's account, Wonderland Ballroom, took place prior to the formally filed OSHA complaint related to Wonderland Ballroom. *See* Ms. Day's

August 2, 2013 email sent to Mr. Savage, attached as **Exhibit 3**(submitted as an Exhibit during Mr. Savage's and Ms. Day's depositions; *see also* Mr. Savage's August 29, 2013 email to Ms. Day, attached as **Exhibit 4** (submitted during Mr. Savage's depositions). The emails show that Plaintiff's voiced safety concern regarding his delivery to Wonderland Ballroom occurred approximately one month prior to the formally filed OSHA complaint related to Wonderland Ballroom.

Shortly after having testified about Defendant's account, Wonderland Ballroom, Mr. Savage and Ms. Day testified regarding Plaintiff's voiced safety concern to deliver liquor to Defendant's account, A N D, also because of OSHA related violations because of the lack of stairwell handrails. *See* Mr. Savage's Dep. p. 44-47: 1-21, 1-21, 1-21, 1-20, attached as **Exhibit 1**; *see also* Ms. Day's Dep. at p. 70-73:9-21, 1-21, 1-21, 1-7, and at p. 84-85:9-21, 1-2, attached as **Exhibit 5**; *see also* Mr. Savage's December 2, 2013 forwarded email to Ms. Day, attached as **Exhibit 6.** This email was part of the record and submitted in Plaintiff's motion to strike. This email alone shows Ms. Day's knowledge of Plaintiff's voiced safety concerns related to Plaintiff's fear of delivering liquor to A N D because of A N D's OSHA-related violations. This information shows Mr. Leppler's reasonable belief, and proper purpose, to argue that Paragraph 15 of Mr. Savage's declaration and Paragraph 12 of Ms. Day's declaration contradict their prior deposition testimony.

Although not included in the motion to strike, Mr. Leppler stated the above-referenced deposition testimony and documents admitted as Exhibits during Mr. Savage's and Ms. Day's depositions, and documents in the record, to demonstrate that Mr. Leppler's reasonable belief for the factual support of his argument that portions in Mr. Savage's and Ms. Day's declarations related to the 'OSHA complaint' filed against Defendant's account, A N D contradict Mr. Savage's

and Ms. Day's prior deposition testimony. Therefore, Mr. Leppler's submission of Plaintiff's motion to strike the declarations of Mr. Savage and Ms. Day does not violate Fed. R. Civ. P. 11.

**B.**     **<u>Even if the court determines that sanctions are appropriate, the court should limit the sanctions imposed on Plaintiff.</u>**

Even if the court determines that sanctions are appropriate, the court must impose the least severe sanction adequate to deter the repetition of the sanctionable conduct. Fed. R. Civ. P. 11(c)(4); <u>Vollmer v. Publishers Clearing House,</u> 248 F.3d 698, 710-11 (7th Cir. 2001); <u>In re Sargent</u>, 136 F.3d 349, 352 (4th Cir. 1998). The Court's sanctions imposed on Plaintiff are not justified because as shown above, Mr. Leppler submitted Plaintiff's motion to strike the decelerations of Mr. Savage and Ms. Day for a proper purpose and therefore Mr. Leppler's submission of Plaintiff's motion to strike the declarations of Mr. Savage and Ms. Day does not violate Fed. R. Civ. P. 11.

### III.     Conclusion

This Court should not impose Rule 11 sanctions on Plaintiff's counsels because as shown above, Mr. Leppler submitted Plaintiff's motion to strike the declarations of Mr. Savage and Ms. Day for a proper purpose – to have the Court strike portions of Mr. Savage's and Ms. Day's declarations that contradict their prior deposition testimony. Moreover, Mr. Leppler apologized to the Court during oral arguments by arguing that Mr. Savage's and Ms. Day's declarations were not made on their personal knowledge, when clearly, they were, and which Mr. Leppler stated to the Court that he made a mistake.

For the foregoing reasons, Plaintiff asks for the Court to set a hearing regarding Plaintiff's motion to show cause for the Court's imposition of Rule 11 sanctions, and after the hearing, order that there are no sanctions imposed on Plaintiff, or in the alternative, the imposed sanctions are substantially limited on Plaintiff.

Respectfully,

/s/ *John Leppler*

_____

John J. Leppler, Esq. #19736
George A. Rose, Esq. #26086
Rose Law Firm, LLC
200 E. Lexington St., Suite 1305
Baltimore, Maryland 21202
T: 410-727-7555
F: 410-320-0962
attorneyleppler@roselawfirm.net
grose@roselawfirm.net
Attorneys for Plaintiff Malcolm Marks

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of June 2017, a copy of the foregoing Plaintiff's motion to show cause for the Court's imposition of Rule 11 sanctions related to Plaintiff's motion to strike the declarations of Jason Savage and Nakisha Day (Dkt. #41), was served by electronic mail to this court e-file on:  Michele A. Coyne, *pro hac vice*, Kristina C. Hammond, *pro hac vice*, and Lisa Dayan, DC Bar No. 438363, and Kauff McGuire & Margolis, LLP, 950 Third Avenue – Fourteenth Floor, New York, NY 10022, telephone: (212) 644-1010, coyne@kmm.com, hammond@kmm.com, dayan@kmm.com attorneys for Defendant, Washington Wholesale Liquor Company LLC.

Respectfully submitted,

/s/ *John Leppler*
_____
John J. Leppler, Esq.